UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                                              Chapter 7
Melissa A. Dorff,                                                                        Case No. 12-30825-svk
      Debtor.

**MEMORANDUM DECISION ON THE DEBTOR'S MOTION TO REINSTATE**

Melissa Dorff (the "Debtor") filed a Motion to reinstate her Chapter 7 case. The case was dismissed when the Debtor failed to pay the filing fee. On July 19, 2012, the Debtor, who is represented by counsel, filed her bankruptcy petition and an Application to pay the $306 filing fee in three equal monthly installments. On July 20, 2012, the Court entered an Order approving this request, and the first installment of $102 was due on August 20, 2012. The Court served a copy of the Order on the Debtor as well as her counsel, and the Order clearly states that failure to pay an installment when due (or request an extension of time to pay it) is grounds for immediate dismissal of the bankruptcy case.

On August 2, 2012, the Debtor filed a Motion to extend the deadline to file her bankruptcy schedules, and on August 3, 2012, the Court granted this Motion. The Debtor filed her schedules on August 17, 2012. The Debtor never requested an extension of time to pay the filing fee. The Debtor failed to pay the first installment of the filing fee due on August 20, 2012, and a member of the Court's staff placed a courtesy call to the Debtor's counsel concerning the fee, indicating that if the Debtor promptly paid the overdue installment, the case could continue. Counsel's staff member indicated that a call would be placed to the Debtor. When the Debtor failed to pay the fee by August 29, 2012, the Court entered an order dismissing the case. On September 10, 2012, the Debtor filed a "Motion to Reinstate," asking that the case be reinstated

to allow the Debtor to pay the filing fee. In an accompanying letter, the Debtor alleged that she failed to pay the filing fee because she misunderstood whether she was paying the filing fee or her attorney's fees. The Debtor paid the $306 fee in full on September 10, 2012.

The Debtor styled her request as a Motion to Reinstate, and many debtors seek to "reopen" their dismissed cases. However, reopening is governed by § 350(b) of the Bankruptcy Code; that section applies only to fully administered cases, not to dismissed cases. *See, e.g., In re Income Property Builders, Inc.*, 699 F.2d 963, 965 (9th Cir. 1982) ("[A] case cannot be reopened unless it has been closed. An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing."); *Singleton v. Countrywide Home Loans, Inc. (In re Singleton)*, 358 B.R. 253, 257 (D.S.C. 2006) ("[T]he record shows that Singleton's case was dismissed, not closed, at the time Singleton filed her motion. Therefore, the court finds that the Bankruptcy Court erred when it purported to 'reopen' the dismissed case pursuant to § 350(b)."). When a debtor seeks to reinstate or reopen a dismissed case, in actuality, the debtor is seeking relief from the Order of Dismissal, and the Court will construe the instant Motion as a Motion to Reconsider or Vacate the Order Dismissing Case.

Bankruptcy Rule 9024 applies to the reconsideration of dismissal orders. *See, e.g.*, *Bernegger v. King*, 2011 U.S. Dist. LEXIS 67716, at *3 (E.D. Wis. June 23, 2011) (when a case is dismissed for failure to make plan payments, Rule 9024 controls whether relief should be afforded and whether the Motion to Reopen should be construed as a request to set aside the dismissal order); *In re King*, 2006 Bankr. LEXIS 1416, at *11 (Bankr. N.D. Ind. June 21, 2006) (refusing to reconsider dismissal under Rule 60 when debtor's counsel failed to follow local rule by filing petition without debtor's signature and claimed unfamiliarity with the requirement); *see*

2

*also Geberegeorgis v. Gammarino (In re Geberegeorgis)*, 310 B.R. 61, 66 (B.A.P. 6th Cir. 2004) (Rule 9024 authorizes setting aside dismissal orders); *In re King,* 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997) (same). Rule 9024 incorporates Federal Rule of Civil Procedure 60(b), which states that relief can be granted from a final judgment or order for these reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b), and thus Rule 9024, "'is an extraordinary remedy'" which is to be granted only "'in exceptional circumstances.'" *Bernegger*, 2011 U.S. Dist. LEXIS 67716, at *6 (denying Rule 60(b) motion when party offered arguments already found to be lacking in merit and did not establish entitlement to "extraordinary relief") (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). The court in *Rezin v. Barr (In re Barr)*, 183 B.R. 531, 537 (Bankr. N.D. Ill. 1995), explained the standard to be applied to a Rule 60(b)(1) motion:

> The burden of proof in seeking relief from a final judgment or order initially lies with the moving party. Simons v. Gorsuch, 715 F.2d 1248, 1252 (7th Cir. 1983). Plaintiffs must establish that they qualify for Rule 60(b) relief by "clear and convincing evidence." Lonsdorf v. Seefeldt, 47 F.3d 893, 897 (7th Cir. 1995) (citation omitted); Simons, 715 F.2d at 1252. However, whether to grant relief requested under Rule 60(b) is left largely to the trial court's

> discretion.  *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d
> 42, 45 (7th Cir. 1994).  Rule 60(b) is an extraordinary remedy,
> designed to address mistakes attributable to exceptional
> circumstances and not mere erroneous applications of law by a trial
> court.

A determination of "excusable neglect" under Rule 60(b) is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  The circumstances to be considered include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.*

In *In re Wassah*, 417 B.R. 175, 183 (Bankr. E.D.N.Y. 2009), the court explained that "mistake" means "an excusable litigation mistake or a court's substantive mistake in law or fact."  The movant must show "'highly convincing'" evidence to succeed on a motion to vacate a dismissal.  *Id.* (quoting *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).  The *Wassah* court held that the Debtors' excuses for not timely filing their schedules and plan did not rise to the level necessary for reconsideration of the dismissal order.  *See also In re Garcia,* 115 B.R. 169, 170-71 (Bankr. N.D. Ind. 1990) (denying Rule 60(b) motion claiming excusable neglect when case was dismissed for debtor's failure to file plan).

In this case, the only explanation the Debtor presented for failure to timely pay the filing fee is that she misunderstood whether she was paying the filing fee or her legal fees.  But the Debtor's attorney presumably advised her (especially when contacted by the Court inquiring about the nonpayment of the fee) about the difference between the filing fee and the attorneys' fees.  Moreover, the Court sent a copy of the Order, which explains the dates and amounts of the installments in plain English, to the Debtor.  Through counsel, the Debtor requested an extension

4

of time to file her Schedules, and filed the Schedules a few days before the filing fee was due. Yet she never requested an extension of time to pay the filing fee. These circumstances do not provide "clear and convincing evidence" that the Debtor committed a "mistake" entitling her to the "extraordinary remedy" contemplated in Rule 60(b).

Further, the Debtor's neglect is not "excusable." The failure that occurred here – not understanding the difference between attorneys' fees and filing fees – was within the reasonable control of the Debtor. The Debtor did not allege that some unforeseen emergency expense interfered with her ability to fund the filing fee or that the income she was counting on to pay the fee unexpectedly dried up. These are examples of excuses for failing to pay the filing fee that might establish excusable neglect.

In examining whether "excusable neglect" is present, it also is proper to consider the delay's potential impact on judicial proceedings. *Pioneer Inv. Servs.*, 507 U.S. at 395. Processing a Chapter 7 filing, dismissing it, and then reinstating the case imposes a burden on the Court, the Trustees, and the bankruptcy process. New deadlines for discharge and dischargeability objections and § 707(b) dismissal motions need to be established. If the meeting of creditors has not been held, it must be scheduled. Additional notices must be sent to creditors, creating the possibility of confusion. Reinstating a dismissed case has the potential to create significant predicaments – if the debtor incurred new debt between the petition and the reinstatement, is that debt subject to discharge? What happens to assets the Debtor obtains between the date of dismissal and the date of reinstatement? Since dismissal of the case ends the Trustee's avoidance powers under § 546(a)(2), does reinstatement revive those powers? Even assuming it does, if the Debtor transfers assets between dismissal and reinstatement, can the Trustee recover the transfer, and on what theory?

5

Similarly, § 362(c)(2)(B) provides that dismissal terminates the automatic stay. At least one court has held that reinstatement of the case does not reinstate the automatic stay. *See Nicholson v. Nagel (In re Nagel)*, 245 B.R. 657, 662 (D. Ariz. 1999) (purported reinstatement of a bankruptcy case did not have the effect of reviving the automatic stay). And numerous courts have held that the stay cannot be reinstated retroactively to the date of dismissal. *See Singleton*, 358 B.R. 253 at 259 (D.S.C. 2006) (collecting cases). As the court noted in *In re Bailey*, 2009 Bankr. LEXIS 3413, at *5 (Bankr. N.D. Ga. Sept. 3, 2009):

> In the time between the dismissal of the case and the filing of the motion [to vacate the dismissal], creditors may have taken steps to exercise their nonbankruptcy rights on the (rightful) assumption that a case is dismissed. Further, to the extent deadlines for filing proofs of claim or objecting to dischargeability of debts have lapsed while the case stands dismissed, such deadlines must be extended, leading to potential confusion for creditors. Rule 60(b) is not an opportunity for a debtor to 'try again' when there has been no demonstrable prosecution of the case.

*See also Aheong v. Mellon Mortg. Co. (In re Aheong)*, 276 B.R. 233, 243 (B.A.P. 9th Cir. 2002) (Unlike an order reopening a bankruptcy case, which does not undo any of the statutory consequences of closing, vacating an order of dismissal would have "potentially enormous, highly disruptive, and unintended consequences."). In short, granting the Debtor's Motion would create numerous inefficiencies for the court system and could be highly prejudicial to creditors.

Since the Debtor has not met the burden of establishing entitlement to Rule 60(b) relief, her Motion to Reinstate must be denied. A separate Order denying the Motion will be entered.

Dated: October 16, 2012.

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge

6